# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ORLANDO QUILLES, LAWRENCE R. LYNCH and BROKERS TWO, INC., d/b/a CENTURY 21 BEAULIEU, an Illinois Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARY ANN BENDEN, LISA M. MADIGAN, ROD R. BLAGOJEVICH and MICHAEL J. LYONS,<br><br>Defendants. | No. 06 C 4360<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed suit seeking a declaratory judgment that the actions being taken against them by the Illinois Department of Financial and Professional Regulation ("IDFPR") in an administrative proceeding are unconstitutional. They also seek to enjoin Defendants from pursuing that administrative proceeding any further. Defendants have filed a motion to dismiss. For the following reasons, Defendants' motion is granted.

**FACTS**

Plaintiffs Orlando Quilles and Lawrence Lynch are employees of Plaintiff Brokers Two, Inc. ("Brokers"). Brokers is an Illinois corporation engaged in the business of real estate sales and marketing. All three Plaintiffs hold professional licenses issued by the IDFPR – the State administrative agency in charge of regulating real estate licenses. Quilles holds a real estate salesperson license, Lynch holds a real estate broker/manager license, and Brokers holds a corporate real estate license.

On Oct. 20, 2005, IDFPR issued a Notice of Preliminary Hearing to Quilles and Lynch, along with a complaint, alleging that they had violated several provisions of the Real Estate License Act of 2000, 225 ILCS 454/1 *et seq*. ("Real Estate Act"), relating to making substantial misrepresentations and untrue advertising claims and failing to properly supervise a subordinate. Quilles and Lynch filed a motion to dismiss that complaint on Mar. 10, 2006, claiming that they did not use any misleading language and that, since the advertisement was proper, the State of Illinois' attempt to regulate their free speech must conform to the requirements of the First Amendment. The motion to dismiss was eventually denied and the case was set for a status hearing on Aug. 15, 2006.

On Aug. 11, 2006, Plaintiffs filed this suit seeking both a declaratory judgment that the actions of the IDFPR are unconstitutional and an injunction barring the agency from proceeding any further. Plaintiffs also allege violations of their First Amendment rights, their right to Due Process and their right to Equal Protection under the law. Defendants have filed a motion to dismiss the Complaint due to the *Younger* abstention doctrine, and, alternatively, to only dismiss the claims against Governor Blagojevich and Attorney General Madigan for Eleventh Amendment reasons.

**ANALYSIS**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant the motion to dismiss only if Plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the Complaint as true, drawing

all reasonable inferences from those facts in Plaintiffs' favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may grant Defendants' motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The *Younger* abstention doctrine dictates that "if a person is believed to have violated a state law, the state has instituted a criminal, disciplinary, or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004). This principle applies to state administrative proceedings as well, so long as an important state interest is involved. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986).

The test for applying *Younger* abstention is three-pronged. "The state proceeding must (1) be ongoing as well as judicial or judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity to raise constitutional challenges." *Wisconsin Mfrs. & Commerce v. Wisconsin Elections Bd.*, 978 F. Supp. 1200, 1207 (W.D. Wis. 1997) (citing *Trust & Inv. Advisers v. Hogsett*, 43 F.3d 290, 295 (7th Cir. 1994)).

The proceedings instituted by IDFPR in front of the Disciplinary Board are certainly ongoing, since they started before the proceedings in this court, and the developments in this court have not progressed to the point where it would be improper to halt them. *See Ciotti v. County of Cook*, 712 F.2d 312, 313 (7th Cir. 1983) ("The district court must abstain if there have been no proceedings of substance on the merits . . . in the federal court") (internal quotation omitted). The disciplinary action by the IDFPR is also judicial in nature, since it is a state

3

enforcement proceeding. *See Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir. 1998); *Stroman Realty, Inc. v. Grillo*, 438 F. Supp. 2d 929, 933 (N.D. Ill. 2006).

The second prong is also satisfied; other judges in this Court have already found, unsurprisingly, that regulating the real estate profession implicates important and traditional state interests. *See Stroman*, 438 F. Supp. 2d at 933-34. Lastly, the administrative proceedings offer an adequate opportunity for Plaintiffs to pursue their First Amendment argument. The Real Estate Act specifically states that administrative decisions "shall be subject to judicial review pursuant to the provisions of the Administrative Review Law . . . ." 225 ILCS 454/20-75. The Appellate Court of Illinois can review any constitutional issues that are brought up on appeal. 735 ILCS 5/3-113. Subsequent judicial review is a sufficient opportunity for them to raise constitutional challenges to the IDFPR's actions. *Majors*, 149 F.3d at 713-14.

There are several exceptions that could preclude me from applying the *Younger* doctrine to this case: "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) there is an extraordinarily pressing need for immediate equitable relief; or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Stroman*, 438 F. Supp. 2d at 935 (quoting *Jacobson v. Northbrook Mun. Corp.*, 824 F.2d 567, 569-70 (7th Cir. 1987) (citations and quotations omitted)). These are very narrow exceptions to the doctrine. *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993).

Plaintiffs make no allegations about harassment, but they do imply that the state proceedings are conducted in bad faith. That implication is not sufficient for me to invoke the exception. Plaintiffs must have "specific evidence [which] show[s] that [the] state [proceeding] was brought in bad faith for the purpose of retaliating for or deterring the exercise of

constitutionally protected rights." *Id*. at 1359 (quoting *Collins v. County of Kendall, Ill.*, 807 F.2d 95, 98 (7th Cir. 1986) (quotation omitted)).  Plaintiffs also have not alleged any pressing needs for immediate equitable relief, because the administrative action itself does not pose any threat of irreparable injury that would require it.  Finally, nothing about the provision being used by the IDFPR is "patently violative of express constitutional prohibitions."  Plaintiffs can argue that is being incorrectly applied to them, but they can do so in the appropriate forum.

    For the aforementioned reasons, Defendants' motion to dismiss is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE:  Apr 10, 2007